**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 10-1540 DOC (RNBx)                        Date: January 28, 2011

Title: CHRISTOPHER SHERMAN v. HERTZ EQUIPMENT RENTAL CORPORATION et. al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                    NONE PRESENT

PROCEEDING (IN CHAMBERS):     ORDER GRANTING MOTION TO DISMISS

       Before the Court is a Motion to Dismiss filed by Individual Defendants Bill Matthews, Jim Clem, Mark Wilson and Mark Kruse in the above-captioned case ("Motion") (Docket 21). The Court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving, opposing, and replying papers thereon, and for the reasons set forth below, the Court hereby GRANTS the Motion.

**I.     BACKGROUND**

       The allegations, according to the Second Amended Complaint ("SAC") are as follows. Plaintiff previously served as a truck driver for Hertz Equipment Rental Corporation and the Hertz Corporation (collectively, the "Hertz Defendants"). During his tenure at Hertz, Plaintiff was allegedly supervised by four individuals: Bill Matthews, Jim Clem, Mark Wilson and Mark Krause (collectively, the "Individual Defendants"). Plaintiff avers that he lodged various complaints to his supervisors concerning the fact that his truck was regularly overloaded and that he was forced to work excess hours. Plaintiff also claims that he was encouraged to submit false reports in order to minimize his hours. In the FAC, Plaintiff alleges that complaining about these issues lead to his termination. As a result of these alleged events, Plaintiff filed suit in the Orange County Superior Court on April 28, 2010. Defendants removed the case to the instant Court on October 12, 2010 (Docket 1).

       Against the Hertz Defendants, Plaintiff asserts claims for: (1) Wrongful Termination In

Violation of Public Policy, (2) Breach of Employment Contract, (3) Breach of Implied Covenant Not to Terminate Except With Good Cause, (4) Breach of Implied Covenant of Good Faith and Fair Dealing, (5) Intentional Infliction of Emotional Distress ("IIED"), and (6) California Vehicle and Labor Code Violations. Plaintiff joins the Individual Defendants as defendants to his IIED claims.

The Court previously granted the Individual Defendants' motion to dismiss the IIED claim contained in Plaintiff's First Amended Complaint on the grounds that the claim, as stated, was barred by the applicable statute of limitations. Order Granting Motion to Dismiss, Nov. 29, 2010 ("November 29 Order") (Docket 16). The Court granted Plaintiff leave to amend. The Individual Defendants now move to dismiss Plaintiff's amended IIED claim.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id*.

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d

750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

Nothing in Plaintiff's amended complaint induces the Court to reconsider its earlier decision that Plaintiff's IIED claim is time-barred. Under California Code of Civil Procedure §335.1, a claim for IIED must be brought within two years of the alleged injury. Plaintiff filed his original Complaint on April 28, 2010. Therefore, in order to be timely, any conduct in support of Plaintiff's IIED claim must have occurred after April 28, 2008.

The only event to allegedly occur within this time period is Plaintiff's termination, which took place on April 29, 2008. According to *Pitman v. City of Oakland*, 197 Cal. App. 3d 1037, 1047 (1988) the single act of terminating an employee does not meet the standard for extreme and outrageous conduct as required to trigger liability for IIED. Even terminations for improper motive do not suffice to state a claim under this theory. *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 80 (1996) ("A simple pleading of personnel management is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged."). It thus does not matter that Plaintiff alleges that the Individual Defendants terminated him in retaliation for lodging repeated safety complaints. "If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination." *Id.* The other alleged events giving rise to Plaintiff's IIED claim occurred more than two years prior to the filing of this action.

The Court made the same finding in its November 29 Order, granting the Individual Defendants' Motion to Dismiss on this basis. In allowing Plaintiff leave to amend his IIED claim, the Court cited *Halliday v. Jones*, 215 Cal. App. 3d 102, 120 (1998) for the proposition that the statute of limitations clock does not start to run until the symptoms of Plaintiff's severe distress have manifested themselves. November 29 Order at 4. The Court noted that the "FAC . . . contains no allegations to the effect that Plaintiff's symptoms of severe distress were delayed until after April 28, 20[08]," and explained that "[a]bsent any such plausible allegation, Plaintiff's IIED claim cannot stand." *Id.*

In the SAC, Plaintiff unsuccessfully endeavors to fit his case within the rule enunciated in *Halliday*. Plaintiff bases his claim of delayed symptomatology on the lone, conclusory allegation that his severe distress "was not complete until the conduct actually resulted in severe emotional distress, which was after April 29, 2008." SAC, ¶ 59. This assertion strikes the Court as a legal conclusion disguised as a factual allegation, the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" that does not suffice to state a viable claim. *Iqbal*, 129 S. Ct. at 1949. The insufficiency of Plaintiff's conclusory declaration in Paragraph 59 becomes even more apparent when it is contrasted with the factual allegations contained elsewhere in the SAC. For instance, Plaintiff avers that he complained of "unsafe" working conditions in July 2007, SAC, ¶ 21, that he was "stressed out" in November 2007 over the way his supervisors were treating him, SAC, ¶ 24, and that he was "repeatedly

placed in danger and fearful for his life *throughout* his employment." *Id.* (emphasis added). The only plausible inference to be drawn from these allegations is that any emotional distress suffered by Plaintiff manifested itself prior to April 28, 2008, not "after April 29, 2008," as Plaintiff now contends for the first time, in an attempt to shoehorn his claim into the mold of cases like *Halliday*.

None of the amendments in the SAC induce the Court to revisit its prior determination that Plaintiff's IIED claim against the Individual Defendants is time-barred. The Individual Defendants' Motion to Dismiss is thus GRANTED. Plaintiff's IIED claim against them is DISMISSED WITH PREJUDICE.

### VI. DISPOSITION

For the reasons discussed above, the Individual Defendants' Motion to Dismiss is GRANTED. Plaintiff's IIED claim against them is DISMISSED WITH PREJUDICE.

The Clerk shall serve this minute order on all parties to the action.